UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMY MAGEE, | ) | 1:06-CV-01304 AWI NEW (DLB) HC |
|         Petitioner, | ) ) | ORDER DENYING MOTION FOR TIME IN PRISON LIBRARY |
|    v. | ) ) | [Doc. #34] |
| KATHY MENDOZA-POWERS, | ) ) | ORDER DENYING MOTION TO COMPEL DISCOVERY |
|         Respondent. | ) ) | [Doc. #35] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On July 16, 2007, Petitioner filed a motion requesting an order granting Petitioner adequate time and access to the prison law library. Petitioner's motion will be denied because such an order would serve no purpose. Briefing has concluded in this case and it is pending a decision on the merits.

      On July 18, 2007, Petitioner filed a motion to compel discovery of certain medical records of a prosecution witness that was reviewed by the trial court during an in limine motion.  "The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See*, *e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting).  However, modern

1   habeas corpus procedure has the same function as an ordinary appeal. <u>Anderson v. Butler</u>, 886 F.2d
2   111, 113 (5th Cir. 1989); <u>O'Neal v. McAnnich</u>, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal
3   court's function in habeas corpus proceedings is to "review errors in state criminal trials"(emphasis
4   omitted)).  A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas
5   corpus petitioner is not entitled to broad discovery.  <u>Bracy v. Gramley</u>, 520 U.S. 899, 117 S.Ct. 1793,
6   1796-97 (1997); <u>Harris v. Nelson</u>, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969).  Although
7   discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a
8   showing of good cause.  <u>Bracy</u>, 117 S.Ct. 1793, 1797; <u>McDaniel v. United States Dist. Court
9   (Jones)</u>, 127 F.3d 886, 888 (9th Cir. 1997); <u>Jones v. Wood</u>, 114 F.3d 1002, 1009 (9th Cir. 1997);
10  Rule 6(a) of the Rules Governing Section 2254.

    Petitioner does not demonstrate good cause why his request for discovery should be granted.
Petitioner does not state why the information is needed or why said discovery is relevant to a
determination of the merits of the petition.  Further, the requested discovery does not relate to any of
the claims presented in the petition. Accordingly, Petitioner's request for discovery will be denied.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner's motion for time in the law library is DENIED; and

2) Petitioner's motion to compel discovery is DENIED.

IT IS SO ORDERED.

Dated:   **August 20, 2007**             /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE